**AMERICAN FRIENDS SERVICE COMMITTEE et al., Plaintiffs,**

v.

**William H. WEBSTER et al., Defendants.**

**Civ. A. No. 79–1655.**

United States District Court, District of Columbia.

July 11, 1980.

Alan Dranitzke, Washington, D. C., for plaintiffs.

Glenn Whitaker, Dept. of Justice, Washington, D. C., for defendants.

## MEMORANDUM AND ORDER

HAROLD H. GREENE, District Judge.

On January 10, 1980, the Court entered an Order granting plaintiffs' motion for a preliminary injunction, restraining the defendants from destroying any Federal Bureau of Investigation files until they had developed and submitted for Court approval record retention plans and schedules developed in accordance with the standards prescribed by statute.[1] Since issuance of its initial order the Court has considered several motions filed by the defendants for modification of the injunction[2] and in orders dated February 2, April 3, and April 22, 1980, it granted defendants' motions in part and denied them in part.[3] The matter is presently before the Court on defendants' Motion to Dissolve the Preliminary Injunction and the opposition thereto.

Defendants contend that plaintiffs lack standing to maintain this action based on a decision issued by the Supreme Court subsequent to the entry of this Court's Order. *Kissinger v. Reporters Committee for Freedom of the Press*, 445 U.S. 136, 100 S.Ct. 960, 63 L.Ed.2d 267 (1980). In this regard, defendants argue that *Kissinger* held that the records management statutes do not create a private right of action; that the only remedy provided for under these laws is a suit by the Attorney General; and that this decision accordingly destroys plaintiffs' standing to sue and necessitates dissolution of the injunction.

In its January 10, 1980, Opinion, this Court held that plaintiffs could sue under the Administrative Procedure Act, and that they acquired the requisite standing because they had alleged an injury in fact and their claims were within the zone of interests protected by the record management statutes. Defendants essentially contend

1. The Archival Administration Act, 44 U.S.C. §§ 2101 *et seq.*; the Records Management by Federal Agencies Act, 44 U.S.C. §§ 3101 *et seq.*; the Disposal of Records Act, 44 U.S.C. §§ 3301 *et seq.*; and the various regulations promulgated pursuant to these statutes.

2. The motions sought to exempt records claimed to be without historical or research value and those with respect to which specific court orders directed destruction.

3. Defendants have appealed the orders of April 3, and April 22, 1980 to the extent they denied modification of the injunction issued on January 10, 1980.

that the "zone of interests" prong of the ruling is undermined by the *Kissinger* holding that the record management statutes do not create a private right of action.[4]

There are, however, important distinctions between *Kissinger* and this case, and these distinctions compel a different result. Factually, *Kissinger* involved Freedom of Information Act requests for transcripts of telephone conversations compiled by former Secretary of State Henry Kissinger while he was serving in that capacity and in the capacity of Assistant to the President for National Security Affairs. Ultimately, Kissinger transferred these papers from the State Department, and that Department denied various FOIA requests therefor on the basis that the documents had ceased to be "agency records" in its custody and control. The District Court disagreed and ordered the return of the papers to the State Department. The Court of Appeals affirmed, but the Supreme Court reversed, holding that no private right of action existed and that the only available remedy was a suit by the Attorney General after notification by the General Services Administration and the head of the particular federal agency which had custody of the records prior to their improper removal.

It was assumed by the Supreme Court for purposes of its discussion in *Kissinger* that the former Secretary of State had wrongfully removed the documents at issue against the interests of the government and in violation of the records management acts, and that the administrative authorities had determined not to institute an action to compel recovery pursuant to 44 U.S.C. § 3106.[5] In that posture, the Court, relying upon 44 U.S.C. §§ 3106 and 2905, held that it was up to the government to decide—

through consultation among the agency having had custody of the records, the General Services Administration, and the Department of Justice—whether Kissinger should be compelled, through litigation, to disgorge the records.

That is a far cry from the present situation. It was claimed here, and the Court has determined, that the governmental authorities, including GSA (which has custody of the records) and the FBI (a component part of the Department of Justice) are about to destroy documents which they are required to retain under the substantive provisions of the federal record management laws. It would make no sense under these circumstances to expect and to require GSA to notify the Attorney General that records had been or were about to be improperly removed. GSA is the very agency which has consistently authorized, and absent the order of this Court would still be authorizing, the destruction, *i. e.*, the removal, of the FBI records. Nor would it make sense to expect the Attorney General to bring suit to recover records which his own department is destroying.

■■■■ In that kind of situation, we are faced not with the unusual problem of whether and how records should be recovered from a private party—a problem which under *Kissinger* is left to the discretion of the various governmental authorities—but with the quite common, everyday issue of whether one or more governmental agencies exceeded or abused their authority according to the standards of the Administrative Procedure Act.[6] Nothing in the *Kissinger* decision carves out an exception from the APA under these circumstances. Indeed, *Kissinger* leaves open even the issue

---

4. Since the Administrative Procedure Act was not involved in the *Kissinger* decision, that must be the import of defendants' argument.

5. Some lesser steps appear to have been taken by the government to have the records returned.

6. The Administrative Procedure Act provides that a reviewing court shall set aside agency action which is "arbitrary, capricious, an abuse of discretion or otherwise not in accordance

with law." 5 U.S.C. § 706(2)(A). The court may also invalidate agency action clearly taken in excess of authority prescribed by statutes applicable to that agency. 5 U.S.C. § 706(2)(C). The Records Management Acts prescribe duties and responsibilities for GSA and other federal agencies, and failure to perform these duties gives rise to judicial review to redress such abuse of discretion. See 28 U.S.C. § 1331.

whether private parties might have a remedy in the event the agency heads and the Attorney General breach their duty to enforce the Records Act against unauthorized removals by private parties.[7] Surely, if the question of a possible remedy against failure to carry out the duty to enforce the records management statutes was not decided by the Supreme Court, the Court cannot be deemed to have decided against plaintiffs such as these the question whether there is standing to bring an action against a breach by the agency head having custody of records and the Department of Justice of the more fundamental duty to refrain from violating the Act by their own destructive actions.[8]

It is the conclusion of this Court that the *Kissinger* decision does not undermine the standing of *these* plaintiffs to bring an action against *these* defendants for *these* violations of their statutory responsibilities, and accordingly it is this 10th day of July, 1980,

ORDERED That defendants' motion to dissolve the preliminary injunction be and it is hereby denied.

---

7. The Court stated (445 U.S. at 150, note 5, 100 S.Ct. at 968): "We need not decide what remedies might be available to private plaintiffs complaining that the administrators and the Attorney General have breached a duty to enforce the Records Act, since no such action was brought here." The present action may in a sense be regarded as being in the category referred to in that footnote.

8. As indicated *supra*, reference to the records management laws is relevant insofar as it bears on the "zone of interests" prong of the standing test. However, one cannot conclude that, merely because parties may not have a legally-cognizable interest in the direct recovery of records which governmental authorities have permitted a private person to take, they also lack an interest, sufficient for standing purposes, in preventing government itself to destroy records which under the terms of the law it is required to retain. Cf. *Kissinger v. Reporters Committee, supra*, 445 U.S. at 150 n. 5, 100 S.Ct. at 968.